UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHALLENGER HOLDINGS LLC,

<table>
<tr><td>Plaintiff,</td><td>23-cv-5147 (PKC)</td></tr>
<tr><td>-against-</td><td>ORDER</td></tr>
</table>

JETCRAFT GLOBAL (UK) LIMITED,

                                    Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        Plaintiff Challenger Holdings LLC ("Challenger") brings this action invoking

subject matter jurisdiction by reason of diversity of citizenship.  The complaint alleges that

"Challenger is a limited liability company organized and existing under the laws of the State of

Delaware, with its principal place of business located in Plano Texas."  (ECF 1 ¶ 1.)  It alleges

that Challenger's sole member is George Tsingos, who resides in Texas, and that "Challenger is

a citizen of the State of Texas."  (Id. ¶¶ 1, 3.)  The defendant is alleged to be a company

organized and existing under the laws of England and Wales, with its principal place of business

in London.  (Id. ¶ 2.)

        An action premised upon diversity of citizenship in which a limited liability

company is a party must allege the citizenship of natural persons who are members of the limited

liability company and the place of incorporation and principal place of business of any corporate

entities that are members of the limited liability company.  See Handelsman v. Bedford Village

Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta,

150 F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

The complaint alleges that Challenger's sole member, George Tsingos, "resides in the State of Texas" but does not allege the citizenship of George Tsingos.  An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).  However, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another."  Kennedy v. Trustees of Testamentary Trust of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (Pauley, J.) (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47-49 (1989)).

Within 14 days of this Order, Challenger shall amend its complaint to allege the citizenship of George Tsingos.  If, by this date, Challenger either fails to amend or is unable to amend to truthfully allege diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
            June 21, 2023