UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHALLENGER HOLDINGS LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JETCRAFT GLOBAL (UK) LIMITED,<br><br>　　　　　　　　　Defendant. | Civil Action No. 23-cv-05147 (PKC)<br><br>**STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER** |

HON. P. KEVIN CASTEL, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that may be entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgments, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a

duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

   (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  (b) previously non-disclosed material relating to ownership or control of any non-public company;

  (c) previously non-disclosed transactions, business plans, valuation methodologies, or marketing plans;

  (d) information that is subject to contractual confidentiality obligations;

  (e) any information of a personal or intimate nature regarding any individual or Party or their respective affiliates; or

  (f) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected Discovery Material in a manner that will not interfere with legibility or audibility. For the avoidance of doubt, by stamping at least the first page of any document constituting Discovery Material as Confidential, the entire document so stamped shall be deemed Confidential unless the Parties otherwise agree.

4. Confidential Discovery Material that is designated and labeled "CONFIDENTIAL" may be shown to the persons listed below and to Parties and their officers, directors, and employees to the extent necessary for the conduct of this action:.

  (a) counsel of record for the non-Producing Party and the members of such counsels' law firm, including any paralegal, clerical, or other assistant employed by such outside counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c) authors of and persons who were in prior possession of, or previously received, Confidential Discovery Material other than as a result of any action in violation of this Protective Order (hereafter, "Lawful Recipients") and their respective counsel;

(d) the Court and court personnel;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel,

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(h) trial and deposition witnesses;

(i) other approved persons with the prior written consent of counsel for the Producing Party, which consent shall be within the Producing Party's reasonable discretion. For example, in no event will the Producing Party be required to consent to the disclosure of this Confidential Discovery Material to a competitor or existing or potential customer, or a director, officer,

employee or agent of a competitor or of a customer or potential customer of the Producing Party.

5. Each individual receiving Confidential Discovery Material (including digests, summaries, extracts or notes containing Confidential Discovery Material) other than those identified in paragraphs 4(a)-(f) shall be shown a copy of this Protective Order before receiving any Confidential Discovery Material and shall execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, to be bound by the terms of this Protective Order. Counsel for the party receiving Confidential Discovery Material shall retain the signed copies of the Non-Disclosure Agreement, and make them available to the Producing Party's counsel upon request. If a recipient of Confidential Discovery Material refuses to sign, he or she shall not be provided access to such Confidential Discovery Material.

6. Restrictions and obligations set forth herein relating to all Confidential Discovery Material shall not apply to any information that (a) was or becomes public knowledge other than as a result of disclosure by the Party receiving the material or other breach of the terms and conditions of this Protective Order, or (b) has come or shall come into the receiving Party's lawful possession independently of the Producing Party. The restrictions and obligations in this order shall not be deemed to prohibit disclosure to or discussions with any person of any Confidential Discovery Material that was already in the lawful possession of that person.

7. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all

5

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific exhibits or pages and lines of the transcript that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

8. If at any time before the trial of this action a Producing Party realizes that some portion(s) of Discovery Material that it had previously produced without limitation should be designated as "CONFIDENTIAL" it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "CONFIDENTIAL" under the terms of this Protective Order.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Rule 3(B) of this Court's Individual Practices.

10. Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes Only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Rule 3(B) of this Court's Individual Practices. Any Discovery Material for which a Party requests Attorneys' Eyes Only treatment shall not be

disclosed to the officers, directors, or employees of the non-producing Party unless and until the Court issues an Order denying such request.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within seven days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 14 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such

notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. If the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. In connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows:

    (a) to implement and adhere to reasonable procedures to ensure Documents protected from disclosure due to the attorney-client privilege or as trial-preparation material under Fed. R. Civ. P. 26(b)(3)(A) ("Protected Information") are identified and withheld from production;

    (b) the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) in addition to the following procedures:

        i. if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return;

    ii.    upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof; and

    iii.    furthermore, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

20. This Order will survive the termination of the litigation. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This

Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: October 23, 2023

**TODD & LEVI, LLP**

/s/ Jill Levi
Jill Levi
444 Madison Ave., Suite 1202
New York, NY 10022
Tel: (212) 308-7400
jlevi@toddlevi.com

*Counsel for Plaintiff*

**KING & SPALDING LLP**

/s/ Alexander B. McLamb
Michael J. Ciatti (*pro hac vice*)
Alexander B. McLamb
1700 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006
Tel: (212) 556-2235
mciatti@kslaw.com
amclamb@kslaw.com

*Counsel for Defendant*

Dated: October 26, 2023
New York, New York

SO ORDERED.

P. Kevin Castel
United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHALLENGER HOLDINGS LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JETCRAFT GLOBAL (UK) LIMITED,<br><br>　　　　　　　　Defendant. | Civil Action No. 23-cv-05147 (PKC)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: