# TODD & LEVI, LLP

444 MADISON AVENUE
SUITE 1202
NEW YORK, NEW YORK 10022
www.toddlevi.com

TELEPHONE (212) 308-7400
FACSIMILE (212) 308-8450
E MAIL: toddandlevi@toddlevi.com
NOT FOR SERVICE OF LITIGATION PAPERS

JOHN F. TODD
JILL LEVI
DAVID B. ROSENBERG

> *Handwritten annotation:* The presentation of evidence at a trial under seal is rare in the extreme. The parties may agree that portions of a document not material to a claim or defense be redacted and only the redacted version be presented at trial. Let the parties show cause in writing within 14 days why all proposed trial evidence ought not be unsealed and available on the docket. See Lugosch v Pyramid.
>
> SO ORDERED
> [signature] USDJ
> 5-29-24

May 24, 2024

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

Re: **Challenger Holdings LLC v. Jetcraft Global (UK) Limited, USDC, SDNY Case No. 23 Civ. 05147 (PKC) (the "Action")**

Dear Judge Castel:

We represent Plaintiff Challenger Holdings LLC, ("Challenger") in the above referenced case, and write pursuant to Rule 21.8 of the Electronic Case Filing Rules & Instructions of the United States District Court for the Southern District of New York and this Court's Individual Instructions and Practices to request that certain declaration exhibits which we are filing pursuant to the Court's scheduling order (ECF#33), be provisionally filed under seal, as all of these exhibits were marked confidential pursuant to the Court's confidentiality order (ECF#22).

Among the exhibits Challenger intends to use at trial are the following:

1. Exhibit C: Aircraft Purchase Agreement between Challenger and Defendant Jetcraft Global (UK) Limited ("Jetcraft")

2. Exhibit D: Jetcraft's Aircraft Inspection Report with accompanying email transmittal

3. Exhibit E: Jetcraft's Notes on Technical Document Review for Aircraft 5737

4. Exhibit F: Email Exchanges among Jetcraft Employees

5. Exhibit I: Technical Evaluation Checklist of West Star Aviation and accompanying emails

**TODD & LEVI, LLP**
May 24, 2024
Page-2-

| | | |
|---|---|---|
| 6. | Exhibit J: | Jetcraft Email exchange and accompanying records inspection from West Star Aviation for Aircraft 5737 |
| 7. | Exhibit K: | Jetcraft Email exchange and accompanying technical records |
| 8. | Exhibit N: | Duncan Aviation Squawk Sheet |
| 9. | Exhibit O: | Page of Aircraft logs and technical records and West Star Aviation email |
| 10. | Exhibit P: | Email Exchanges among Jetcraft Employees and West Star Aviation |
| 11. | Exhibit Q: | Email Exchanges among Jetcraft Employees |
| 12. | Exhibit R: | Email Exchanges among Jetcraft Employees |
| 13. | Exhibit S: | Email Exchanges among Jetcraft Employees, Challenger and West Star Aviation and technical records. |
| 14. | Exhibit T: | Email Exchanges among Jetcraft Employees, Challenger and West Star Aviation |
| 15. | Exhibit U: | Email Exchanges among Jetcraft Employees, Challenger and West Star Aviation and NE Aviation |
| 16. | Exhibit W: | Email Exchanges between Challenger and West Star Aviation |
| 17. | Exhibit Z: | Email Exchanges between West Star Aviation and Bombardier |
| 18. | Exhibit AA: | Email Exchanges between Challenger and West Star Aviation and log book entry |
| 19. | Exhibit DD: | Email Exchanges among Jetcraft Employees |
| 20. | Exhibit FF: | Email Exchanges among Jetcraft Employees |
| 21. | Exhibit II: | Email Exchanges among Jetcraft Employees |
| 22. | Exhibit KK: | Email Exchanges among Jetcraft Employees |

**TODD & LEVI, LLP**
May 24, 2024
Page-3-

    The above exhibits have been designated confidential by either Jetcraft or non-parties as they contain information that is non-public. We believe that none of the exhibits have been made public, and, upon information and belief, have so far not been relied upon by any court in connection with any exercise of judicial authority.

    As such, Challenger respectfully requests that the Court maintain these exhibits under seal until such time that Your Honor rules on whether the materials should remain under seal. However, Challenger takes no position on whether these documents should be sealed.

    We thank the Court for its time and attention to this matter.

                                          Respectfully submitted,

                                          Jill Levi